IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT L. SPENCE; PATSY A. WARREN; BRENDA J. LOWRANCE; RICHARD D. DEVANEY; individually and on behalf of all other persons similarly situated, | § § § § § | |
| Plaintiffs, | § § | CASE NO. 3:10-cv-0142-F |
| vs. | § § § | |
| IRVING HOLDINGS, INC., | § § | |
| Defendant. | § | |

## DEFENDANT IRVING HOLDINGS, INC.'S ANSWER

Defendant Irving Holdings, Inc. ("Irving" or "Defendant") files this Answer to Plaintiffs' First Amended Complaint and Collective Action Complaint as follows.

### NATURE OF THE ACTION

1.  Irving admits that Plaintiffs have filed a purported collective action. Irving denies that Plaintiffs are entitled to any of the relief requested.

### PARTIES

2.  Irving admits that it is a Texas corporation with its principal place of business in Dallas County, Texas. Irving denies the remaining allegations in paragraph 2.

3.  Irving admits that it is qualified to and conducts business in Texas. Irving denies the remaining allegations in paragraph 3.

4.  Irving is without knowledge or information sufficient to form a belief as to the truth of the allegations related to Robert Spence's residence and denies the same. Irving denies that it employed Spence.

5. Irving is without knowledge or information sufficient to form a belief as to the truth of the allegations related to Patsy Warren's residence and denies the same. Irving denies that it employed Warren.

6. Irving is without knowledge or information sufficient to form a belief as to the truth of the allegations related to Brenda Lowrance's residence and denies the same. Irving denies that it employed Lowrance.

7. Irving is without knowledge or information sufficient to form a belief as to the truth of the allegations related to Richard Devaney's residence and denies the same. Irving denies that it employed Devaney.

## JURISDICTION AND VENUE

8. Irving admits that the Amended Complaint and Collective Action Complaint alleges that this is an action under the Fair Labor Standards Act. Irving admits that subject-matter jurisdiction of these claims is conferred upon this Court by 29 U.S.C. § 216(b) and 29 U.S.C. § 1331. Irving denies that it is liable to Plaintiffs.

9. Irving admits that venue is proper in the United States District Court for the Northern District of Texas.

## INTRODUCTION

10. Irving admits that this case is brought as a purported collective action, but denies that a collective action is appropriate. Irving denies the remaining allegations in paragraph 10.

11. Irving is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11, and denies the same.

12. To the extent paragraph 12 contains legal conclusions or argument, no response is required, and Irving denies each of the remaining allegations in paragraph 12, except Irving admits that taxicab drivers are exempt from the FLSA.

13. Irving denies the allegations in paragraph 13.

14. Irving denies the allegations in paragraph 14.

15. To the extent paragraph 15 contains legal conclusions or argument, no response is required, and Irving denies each of the remaining allegations in paragraph 15.

16. To the extent paragraph 16 contains legal conclusions or argument, no response is required, and Irving denies each of the remaining allegations in paragraph 16.

17. To the extent paragraph 17 contains legal conclusions or argument, no response is required, and Irving denies each of the remaining allegations in paragraph 17.

18. Irving denies the allegations in paragraph 18.

## FLSA COLLECTIVE ACTION ALLEGATIONS

19. To the extent paragraph 19 contains legal conclusions or argument, no response is required, and Irving denies each of the remaining allegations in paragraph 19.

20. To the extent paragraph 20 contains legal conclusions or argument, no response is required, and Irving denies each of the remaining allegations in paragraph 20.

21. To the extent paragraph 21 contains legal conclusions or argument, no response is required, and Irving denies each of the remaining allegations in paragraph 21.

22. To the extent paragraph 22 contains legal conclusions or argument, no response is required, and Irving denies each of the remaining allegations in paragraph 22.

23. To the extent paragraph 23 contains legal conclusions or argument, no response is required, and Irving denies each of the remaining allegations in paragraph 23.

24. To the extent paragraph 24 contains legal conclusions or argument, no response is required, and Irving denies each of the remaining allegations in paragraph 24.

25. To the extent paragraph 25 contains legal conclusions or argument, no response is required, and Irving denies each of the remaining allegations in paragraph 25.

26. To the extent paragraph 26 contains legal conclusions or argument, no response is required, and Irving denies each of the remaining allegations in paragraph 26.

27. To the extent paragraph 27 contains legal conclusions or argument, no response is required, and Irving denies each of the remaining allegations in paragraph 27.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### VIOLATION OF FAIR LABOR STANDARDS ACT

28. Irving denies the allegations in paragraphs 1-27, unless expressly admitted.

29. To the extent paragraph 29 contains legal conclusions or argument, no response is required, and Irving denies each of the remaining allegations in paragraph 29.

30. Irving is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30, and denies the same.

31. Irving denies the allegations in paragraph 31.

32. To the extent paragraph 32 contains legal conclusions or argument, no response is required, and Irving denies each of the remaining allegations in paragraph 32.

33. To the extent paragraph 33 contains legal conclusions or argument, no response is required, and Irving denies each of the remaining allegations in paragraph 33.

34. Irving denies the allegations in paragraph 34.

35. Irving admits that it paid its drivers. Irving denies that its drivers were employees and entitled to "premium pay."

36. To the extent paragraph 36 contains legal conclusions or argument, no response is required, and Irving denies each of the remaining allegations in paragraph 36.

37. Irving denies the allegations in paragraph 37.

38. Irving denies the allegations in paragraph 38.

39. Irving denies the allegations in paragraph 39.

40. Irving denies the allegations in paragraph 40.

41. Irving denies the allegations in paragraph 41.

42. Irving denies the allegations in paragraph 42.

43. Irving denies the allegations in paragraph 43.

**SECOND CAUSE OF ACTION
RESCISSION OF SPECIAL MEDICAL
TRANSPORTATION AGREEMENT AND RESTITUTION**

44. Irving denies the allegations in paragraphs 1-43, unless expressly admitted.

45. Irving denies the allegations in paragraph 45.

46. Irving denies the allegations in paragraph 46.

47. Irving denies the allegations in paragraph 47.

48. Irving denies the allegations in paragraph 48.

49. Irving denies the allegations in paragraph 49.

50. Irving denies the allegations in paragraph 50.

51. Irving denies the allegations in paragraph 51.

52. Irving denies the allegations in paragraph 52.

53. Irving denies the allegations in paragraph 53.

54. Irving denies the allegations in paragraph 54.

55. Irving denies the allegations in paragraph 55.

## THIRD CAUSE OF ACTION
## IMPROPER WAGE DEDUCTIONS

56. Irving denies the allegations in paragraphs 1-55, unless expressly admitted.

57. To the extent paragraph 57 contains legal conclusions or argument, no response is required, and Irving denies each of the remaining allegations in paragraph 57.

58. Irving denies the allegations in paragraph 58.

59. Irving denies the allegations in paragraph 59.

60. To the extent paragraph 60 contains legal conclusions or argument, no response is required, and Irving denies each of the remaining allegations in paragraph 60.

61. To the extent paragraph 61 contains legal conclusions or argument, no response is required, and Irving denies each of the remaining allegations in paragraph 61.

## FOURTH CAUSE OF ACTION
## RETALIATION AND REINSTATEMENT

62. To the extent paragraph 62 contains legal conclusions or argument, no response is required, and Irving denies each of the remaining allegations in paragraph 62.

63. To the extent paragraph 63 contains legal conclusions or argument, no response is required, and Irving denies each of the remaining allegations in paragraph 63.

## JURY DEMAND

64. Irving admits that Plaintiffs have made a jury demand. Irving denies that Plaintiffs are entitled to any requested relief.

## PRAYER FOR RELIEF

Irving denies that it is liable to Plaintiffs. Irving further denies that Plaintiffs are entitled to any of the relief sought in this lawsuit and prays that judgment be entered in favor of Irving

and against Plaintiffs. Except as otherwise admitted herein, all remaining allegations contained in Plaintiffs' Amended Complaint and Collective Action Complaint are denied.

## AFFIRMATIVE DEFENSES

1. Irving affirmatively alleges and pleads that Plaintiffs' Amended Complaint and Collective Action Complaint fails to state a claim upon which relief can be granted.

2. Irving affirmatively alleges and pleads that it acted in good faith and made good faith efforts to comply with applicable laws, and Irving did not act willfully, recklessly, or maliciously.

3. Irving affirmatively alleges and pleads that some or all of Plaintiffs' causes of action are barred by the applicable statutes of limitation.

4. Irving affirmatively alleges and pleads that Plaintiffs' claims are barred, in whole or in part, because any amounts owed by Irving to Plaintiffs have been paid or otherwise satisfied.

5. Irving affirmatively alleges and pleads that Plaintiffs and/or those members of the purported class are exempt from overtime wages.

6. Irving affirmatively alleges and pleads that Plaintiffs and/or those members of the purported class are not similarly situated under applicable federal law.

7. Irving affirmatively alleges and pleads that Plaintiffs and/or those members of the purported class have suffered no injury as the result of any conduct of Irving.

8. Irving affirmatively alleges and pleads that some or all of Plaintiffs and/or those members of the purported class lack standing and/or capacity.

9. Irving affirmatively alleges and pleads that the acts or omissions of third parties caused or contributed to the injuries and claims pursued by Plaintiffs and/or members of the purported class.

10. Irving affirmatively alleges and pleads that Plaintiffs' claims are barred by waiver and/or ratification.

11. Irving affirmatively alleges and pleads that Plaintiffs' claims are barred by estoppel.

12. Irving affirmatively alleges and pleads that Plaintiffs' claims are barred by release.

13. Irving affirmatively alleges and pleads that Plaintiffs and/or those members of the purported class are not entitled to liquidated damages since at all times relevant and material to this action, Irving acted in good faith and had reasonable grounds for believing its acts or omissions were in conformity with applicable law, and Irving did not act willfully, recklessly, or maliciously.

14. Irving affirmatively alleges and pleads that its alleged acts or omissions, if any, do not constitute a willful violation of the FLSA or any other law, regulation, rule, or guideline; therefore, the two-year statute of limitations should apply. Moreover, the burden is upon Plaintiffs and/or those members of the purported class to prove any alleged willful violation.

15. Irving affirmatively alleges and pleads that to the extent Plaintiffs and/or those members of the purported class performed any work for which they were not compensated, they are barred from recovery under the *de minimis* doctrine.

16.     Irving affirmatively alleges and pleads that Plaintiff Lowrance's individual claims are barred, in whole or in part, because all actions taken by Irving were for legitimate, nondiscriminatory, nonretaliatory reasons.

WHEREFORE, Defendant Irving Holdings, Inc. prays that Plaintiffs take nothing by this suit, that Irving recover costs, and that Irving obtain such further relief to which it may be justly entitled.

DATED: February 17, 2010.

                Respectfully submitted,

              By: /s/ Marc D. Katz
                Marc D. Katz
                Texas Bar No. 00791002
                Mark A. Shoffner
                Texas Bar No. 24037490
                ANDREWS KURTH, LLP
                1717 Main Street, Suite 3700
                Dallas, Texas 75201
                Telephone: (214) 659-4400
                Facsimile: (214) 659-4401
                marckatz@andrewskurth.com
                markshoffner@andrewskurth.com

              **ATTORNEYS FOR DEFENDANT**
              **IRVING HOLDINGS, INC.**

## CERTIFICATE OF SERVICE

   I hereby certify that on February 17, 2010, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court. The electronic case files system sent a "Notice of Electronic Filing" to the following individuals who have consented in writing to accept this Notice as service of this document by electronic means:

 Joel M. Fineberg
 R. Dean Gresham
 Jennifer Weber Johnson
 FINEBERG GRESHAM
 3811 Turtle Creek Blvd., Suite 1900
 Dallas, Texas 75219

 Richard Norman
 CROWLEY NORMAN, LLP
 Three Riverway, Suite 1775
 Houston, Texas 77056

                /s/ Marc D. Katz
                Marc D. Katz