

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT L. SPENCE et al, <br> Plaintiffs, | § § § | Case no. 3:10-cv-142 |
| v. | § § | |
| IRVING HOLDINGS, INC., <br> Defendant. | § § § § | |

## ORDER

BEFORE THE COURT is Plaintiffs' Motion for Conditional Class Certification and Notice to Potential Class Members (Docket No. 51), filed on May 3, 2010. Defendants filed a Response on June 7, 2010 (Docket No. 63). Plaintiffs filed a Reply on June 21, 2010 (Docket No. 68). In their motion, Plaintiffs seek to conditionally certify as a class all potential plaintiffs who participated in the Medical Transportation Program ("MTP") administered via a contract with the state of Texas by Defendant Irving Holdings, Inc., under the Fair Labor Standards Act ("FLSA"). Plaintiffs also ask that notice be sent to:

> All persons who presently work, or formerly worked, in [Transportation Service Area] 4 as a Medicaid transportation driver for Defendant Irving Holdings, Inc. who (1) executed a Special Medical Transportation Agreement with Irving during the three-year period beginning on [three years before the date the Court approves the notice] and ending on [the date the Court approves the notice] and/or (2) received a Cover Sheet – Driver Trip sheets for at least one day during the three-year period beginning on [three years before the date the Court approves the notice] and ending on [the date the Court approves the notice].

Plaintiff's Reply at 10.

## I. Background

Defendant is a transportation company based in the Dallas/Fort Worth area with multiple operations. Defendant operates in the area as a Yellow Cab transportation company, providing taxi services to the general public. Defendant also has contracted with the Texas Department of Health and Human Services to provide services for the MTP, which was created to provide medical visit transportation services for recipients of Medicaid. Defendant was awarded the contract in 2001, and the contract was renewed in 2006 and 2009. A restructured form of the contract went into effect on August 31, 2010. Hundreds of drivers affiliated with Defendant have participated in the MTP over the past three years. All of the named Plaintiffs participated in the MTP. Defendant requires all MTP drivers to sign a Special Medical Transportation Agreement, which specifically identifies the driver as an independent contractor, not an employee of Defendant.

According to Plaintiffs, Defendant distributes "trip sheets" to MTP drivers that inform them of the locations and destinations of their customers. The trip sheets are signed by the Medicaid recipients and returned to Defendant, who files claims to the state of Texas for payment. Defendant utilizes dispatchers and GPS equipment to coordinate the drivers. Plaintiffs are instructed to pick up the Medicaid recipients, take them to their medical appointments, and drive them home. They were paid a predetermined rate for each transportation service they performed. The amount of work each driver does for the MTP

varies; while some perform driving duties for Medicaid recipients on a regular or semi-regular basis, other drivers' participation is limited to sporadic runs.

Plaintiffs Robert Spence, Patsy Warren, Brenda Lowrance, and Richard Devaney all allege that they worked for the MTP in excess of 40 hours per week, and did not receive overtime pay in violation of FLSA. Plaintiffs note that MTP drivers, after being selected from Defendant's pool of taxi drivers, are given separate training and instruction, assigned vehicles and signs specific for the MTP, assigned specific routes, and forbidden from picking up fares while driving for the MTP. Plaintiffs assert that this level of control makes them employees, and claim that Defendant's classification of the drivers as independent contractors is inaccurate and a way to avoid their obligation to pay the drivers proper overtime wages in violation of Section 207(a) of FLSA. Plaintiffs claim that there are approximately 350-400 other MTP drivers affiliated with Defendant who are similarly situated to Defendant who will be members of the conditional class they wish to certify in this Motion. Defendant denies that this number is accurate, and asserts that there is a maximum of 79 drivers in the class.

## II. Applicable Law

Section 216(b) of FLSA authorizes plaintiffs to bring a collective action on behalf of themselves and similarly situated persons. Unlike other class actions, such as those under Federal Rule of Civil Procedure 23, any person wishing to become a party to the action must "opt in" (rather than "opt out") by filing their consent with the court in which the action is

brought. 29 U.S.C. § 216(b). Defendant has noted that federal courts at time utilize a certification approach similar to that under Federal Rule of Civil Procedure 23. *E.g. Shushan v. Univ. of Colo. at Boulder*, 132 F.R.D. 263, 266-67 (D. Colo. 1990). However, courts in the Northern District of Texas typically apply a two-step approach to FLSA certification derived from *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987). *See Harris v. Fee Transp. Services, Inc.*, 2006 WL 1994586, at *3 (N.D. Tex. May 15, 2006) (Solis, J.) (noting that "the prevailing analysis used by the federal courts, and the Northern District of Texas in particular, is the two-stage approach first propounded by the court in [*Lusardi*]"). In the first step, a court can conditionally certify a class if there are "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 n.8 (5th Cir. 1995), *overruled on other grounds, Desert Palace v. Costa*, 539 U.S. 90 (2003). If the court is satisfied that sufficient evidence of substantial similarity has been produced, the court may, in its discretion, decide to conditionally certify the class and facilitate notice of the lawsuit to putative class members. *Mooney*, 54 F.3d at 1214; *Valcho v. Dallas County Hosp. Dist.*, 574 F.Supp.2d 618, 621-22 (N.D. Tex. 2008) (Fitzwater, J.). The second step takes place at a later phase of the litigation, typically prompted by a motion by the defendant for "decertification," near the end of discovery. *Mooney*, 54 F.3d at 1214. At this second stage, the court considers whether the class should be decertified because it is not made up of similarly-situated members. *Id.* Should the court determine to decertify the class at this stage, the opt-in members of the class

4

shall be dismissed without prejudice and the case shall proceed only for the class representatives in their individual capacities. *Id.*

Courts in this district have ruled that when the parties have had a significant opportunity for discovery on the issue of certification, the *Lusardi* two-step approach is merged into a single, more stringent step. *Valcho*, 574 F.Supp.2d at 622. However, as the Scheduling Order for this case was not filed until shortly after this Motion was filed, and as the discovery due date is not until February 28, 2011, the Court will utilize the two-step approach.

### III. Discussion

In the first step relevant to this Motion, the Court must determine whether Plaintiffs have provided sufficient evidence of similarly-situated plaintiffs to warrant court-facilitated notice. *Valcho*, 574 F.Supp.2d at 621. "To establish that employees are similarly situated, [plaintiffs] must show that [they are] similarly situated with respect to their job requirements and with regard to their pay provisions. The positions need not be identical, but similar." *Id.* While courts are generally more "lenient" at the "notice" stage of certification, "notice is by no means mandatory." *Id.*.

Plaintiffs have satisfied their lenient burden at this first stage. Plaintiffs have demonstrated that there is an identifiable class of MTP drivers. These drivers have similar job requirements (providing shuttle services for Medicaid patients) and similar pay provisions (payment at a fixed rate by transportation service). Additionally, Plaintiffs have

demonstrated that all MTP drivers were subject to Defendant's companywide policy of classifying its drivers as independent contractors exempt from FLSA overtime requirements. The Court finds this showing sufficient for conditional certification. The fact that Defendant identified its drivers as "independent contractors" rather than "employees" is not an impediment to conditional class certification under FLSA. *See Vargas v. Richardson Trident Co.*, 2010 WL 730155, at *11 (S.D. Tex. Feb 22, 2010) (Harmon, J.) (conditionally certifying a class of manual laborers "regardless of whether they were classified as employees or independent contractors"). Furthermore, the fact that Plaintiffs have been joined by several other drivers in this suit is evidence of the appropriateness of conditional certification. *Bernal v. Vankar Enterprises, Inc.*, 2008 WL 791963, *4 (W.D. Tex. Mar. 24, 2008) (Rodriguez, J.)

Defendant argues that Plaintiffs have failed to demonstrate that there is a cohesive class. However, Defendant has stated that there are "a maximum of 79 exclusive MTP drivers in the entire proposed class." Response at 13. In *Meyers v. Pioneer Exploration LLC*, a case where a named plaintiff accused an employer of failure to properly pay overtime wages, Judge Miller conditionally certified a class when the plaintiff pointed to a list of 78 employees provided by the defendant who were subject to the policy at issue. 2010 WL 2710676, at *3 (S.D. Tex. Jul. 6, 2010). In this case, Defendant has similarly conceded that 79 drivers who have worked exclusively for the MTP would qualify for the proposed class. The names and contact information of these drivers are presumably known to Defendant.

Accordingly, court-supervised notification of these drivers is warranted.

However, there remains a large group of potential class members which includes drivers that have worked both as taxi drivers and for the MTP. Plaintiffs concede that their work as taxi drivers is done as independent contractors, and such work would not qualify for relief in this suit. Plaintiffs, in their affidavits filed in support of this motion, all allege that there are "approximately 350-400" drivers who have undergone the necessary training and participated in the operation of the "full-time Medicaid transportation driver fleet." *E.g.* Decl. of Patsy A. Warren at 2. In their Reply, however, Plaintiffs conceded the broadness of their proposed class, and proposed modifying the scope of the class. Defendant has noted to the Court that many of the drivers who participate in the MTP do so on a part-time basis, and many of these drivers would not qualify for overtime because they participate in the MTP only sporadically and for less than 40 hours a week. Defendant has brought such drivers to the attention of the Court. *See* Defendant's Notice of Correction (Docket No. 69). However, Defendant's argument that only drivers who have solely participated in the MTP would be qualified for this class does not have merit at this initial "notice" stage of the *Lusardi* two-step process. As Defendants note, many MTP drivers have worked full time at different points as taxi drivers and MTP drivers.

Courts in this circuit have disapproved of conditional certification for a class that would require a "fact-specific and individualized inquiry" into each employee. *E.g. Aguirre v. SBC Communications*, 2006 WL 964554, at *7 (S.D. Tex. Apr. 11, 2006) (Rosenthal, J.).

The main inquiry determining who qualifies for this class would be the amount of time spent in the MTP. Plaintiff's proposed notification to drivers who have received a trip sheet from Defendant for the MTP "for at least one day" over a three year period would include many of the drivers who have performed services for the MTP sporadically as substitutes or for extremely short periods of time. This proposed class would be overbroad. The notice should not be so broad as to include individuals who may not have worked in the MTP for the 40 hours per week required to qualify for overtime under FLSA. Therefore, a narrower standard is necessary to ensure the proper scope of this litigation.

Subject to the limitations mentioned below, Plaintiff's Motion for Conditional Certification is GRANTED. Notice shall be provided to the 79 drivers identified by Defendant, as well as any driver who has performed at least 40 hours of work for the MTP during any given one-week pay period in the three years prior to the date of this Order. Defendant is ORDERED to provide Plaintiffs with the names and contact information of the 79 drivers identified by Defendant as potential members of the class. Defendant is further ORDERED to provide Plaintiffs with the contact information of any driver who has performed at least 40 hours of work for the MTP within any given one-week pay period during the three years prior to the date of this Order.

If Defendant, after additional discovery, wishes to file a decertification motion, the Court will at that time consider the second step of the inquiry, including whether any noticed or opt-in Plaintiffs would meet the temporal requirements necessary to qualify for relief

under FLSA. At that time, the Court will take into consideration whether a trial would be dominated by fact-intensive issues about whether or not the opt-in plaintiffs are similarly situated to the named Plaintiffs.

The parties shall confer and submit a jointly proposed written notice to the Court within **21 days** of the date of this Order. Should the parties fail to reach an agreement on the construction of the notice, each party shall submit a separate proposed notice to the Court for its consideration within **21 days** of the date of this Order.

IT IS SO ORDERED.

Signed this 23rd day of September, 2010.

Royal Furgeson
Senior United States District Judge